**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Samuel James OAKLEY, Sr., Defendant-Appellant.**

**No. 85–2715.**

United States Court of Appeals, Fifth Circuit.

Sept. 9, 1987.

---

**5.** The panel continues unanimously in the view that no misapplication has been made.

Grant Hardeway (Court-appointed), Houston, Tex., for defendant-appellant.

Samuel James Oakley, Sr., pro se.

James R. Gough, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for U.S.

Before WISDOM, GEE, and RANDALL, Circuit Judges.

PER CURIAM:

Convicted of drug offenses, Oakley appeals, advancing three points for reversal. None has merit, and we affirm.

*Facts and Procedural History*

In the course of an undercover drug investigation, Special Agent Jeffrey Wendling had occasion to arrest Oakley. In a car on the way to jail, and after receiving *Miranda* warnings, Oakley admitted dealing in heroin to Agent Wendling. That he did so is not denied today.

An attorney named Clyde Woody was appointed to represent Oakley. Trial was set for June 10 but was, on joint motion of all defendants, continued to August 12. On the morning of August 12, however, Oakley was released from Yale Hospital after receiving treatment for chest pains and did not appear for trial. The next day, Oakley did appear in court with Woody, requesting that he be permitted to hire another attorney because he felt Woody "don't have my case at its fully best interest, to defend me, my best interest." Oakley told the court that he intended to hire Grant Hardeway, that Hardeway was willing to undertake his defense, and that Hardeway knew that the case was set for trial. The court permitted Oakley to obtain new counsel but warned him that trial was reset to begin on Thursday, August 15—47 hours later—and that if Oakley did not have an attorney at that time, he would have to try the case himself. Oakley indicated that the 47–hour period would be adequate for him to work with Hardeway and inform him about the case.

On August 15 Oakley, Woody, and Hardeway appeared in court. Hardeway told the court that he was unaware that Oakley's case was to be tried that day, that Oakley had not as yet paid him, and that he did not wish to "substitute in" on a case without having adequate time to conduct investigation and prepare a defense. Woody told the court that he had telephoned Oakley at least six times over the past 47 hours reminding him that his case was set for trial on August 15, stressing that it was imperative that Hardeway stop

by his office to pick up Oakley's file and get informed about the case. Oakley told Woody that he had hired an attorney and paid him, that his new attorney knew about the trial and would be there, and that his new attorney had told him he did not need Woody's file. Oakley basically confirmed the substance of these conversations, but stated that Woody telephoned him only two or three times. The court found that Oakley was deliberately attempting to manipulate the judicial system to maintain his liberty as long as possible and, over Hardeway's objection, appointed him to represent Oakley. Hardeway initially attempted to decline the representation on the ground that he did not take cases on appointment, but accepted when threatened with disbarment. Hardeway moved for a continuance or, alternatively, a severance. Both requests were denied, and jury selection began that day.

The following day only one witness, Agent Wendling, testified; and only his direct examination was concluded. On direct Wendling testified, among other things, to the substance of Oakley's incriminating statement on the night of his arrest. Hardeway did not object to the admission of this evidence. Wendling also testified that before the statement was made Oakley had been given "Miranda warnings", that no coercion occurred, and that no promises were made in exchange for the statement. Court recessed for two days before any cross-examination of Wendling took place.

On appeal, Oakley argues that he was denied effective assistance of counsel because no attempt was made to exclude the evidence of his oral confession, because the court threatened Hardeway with disbarment, and because Hardeway had inadequate time to prepare a defense. It is his contention that had adequate time been given, Hardeway would have objected to the admission of his oral confession at trial on the asserted ground that the confession was not voluntarily given and that, but for the oral confession, he could not have been convicted of the crimes charged in the indictment. These points are presented in briefs by Hardeway filed on Oakley's behalf. Oakley also asserts, in a separate pro se brief, that the indictment under which he was convicted was defective; that the evidence was insufficient to sustain his conviction for the crimes charged; and that he was a "victim of entrapment."

### Ineffective Assistance of Counsel?

Oakley contends that Hardeway lacked adequate time to prepare a defense and that Hardeway's consequent failure to object to the admission into evidence of his oral confession resulted in his receiving ineffective assistance of counsel because, but for the confession, he could not have been convicted of the crimes charged in the superseding indictment. He also asserts that Woody's failure to move to suppress the confession initially constitutes ineffective assistance of counsel. Of course, whether these failures prejudiced Oakley in a *Strickland* [1] sense and thus violated his constitutional right to counsel depends on whether either a suppression motion or an objection would have been granted or sustained had it been made.

Oakley asserts that Hardeway would have objected to the confession on the ground that it was not voluntarily given, and would have requested a jury instruction on the issue of voluntariness had he been given adequate time to explore the circumstances surrounding the confession. He also contends that: 1) pursuant to 18 U.S.C. § 3501(a) and (c), the court was required to conduct a hearing, and to render a decision as to whether the confession was voluntary; 2) because the evidence presented at trial was sufficient to raise a genuine issue as to whether the confession was voluntary, the court on its own motion should have instructed the jury on voluntariness; and 3) the court's failure to do either requires reversal of his convictions.

The trial court is, of course, obliged to conduct a hearing on the question if a genuine issue of voluntariness is raised at trial. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The trial court is also required to instruct

1. *Strickland v. Washington,* 466 U.S. 668, 104    S.Ct. 2052, 80 L.Ed.2d 674 (1984).

the jury on that issue if the evidence raises a genuine question of voluntariness, even though defendant's counsel may not have requested such an instruction. However, though failure to instruct the jury may be plain error if evidence does present a genuine issue of voluntariness, such a failure does not require reversal if it is harmless and nonprejudicial. *See United States v. Gonzalez,* 548 F.2d 1185, 1190 (5th Cir. 1977); *United States v. Groce,* 682 F.2d 1359, 1365–66 (11th Cir.1982).

■ In this instance the trial court was not required to instruct the jury to render a decision whether the confession was voluntary or not because "voluntariness" never arose as a genuine issue of fact at trial. Agent Wendling testified that *"Miranda* warnings" were given at the time of Oakley's arrest and again immediately before he made his statement some five or six hours later while he was being driven to the police station, that no coercion was used, and that no promises were made in exchange for the confession. Oakley does not dispute any of the above, asserting that the fact that he was detained some five to six hours after his arrest by three armed officers before being brought to jail, all of which was in evidence at trial, gives rise to a presumption of involuntariness.[2] This evidence is insufficient to raise a genuine issue of voluntariness. Oakley did not confess during the detention while under guard of the three armed officers; he confessed while on route to a police station after being given *"Miranda* warnings" for a second time. Oakley makes no claim that any officer did anything to him during the detention or that he was questioned during that time, nor does he dispute that *Miranda* warnings were given, that he was not coerced, and that no promises were made in exchange for his statement. Accordingly, even had an objection to the admission of the oral confession been made, it would have been overruled. Thus, the failure of counsel to attempt to exclude Oakley's confession did not render their assistance ineffective in a *Strickland* sense because the confession would have come in anyhow. *See United States v. Gonzalez,* 548 F.2d 1185, 1190 (5th Cir.1977); *United States v. Renteria,* 625 F.2d 1279, 1282–83 (5th Cir.1980); *United States v. Groce,* 682 F.2d 1359, 1365 (11th Cir.1982).

■ Nor was lack of preparation time otherwise prejudicial to Oakley because there is no showing that, but for lack of preparation, the jury would have acquitted him. Oakley indicates no specific defenses that he would have presented had Hardeway been given more time to prepare his case. Mere general assertion that prejudice resulted from lack of preparation is insufficient to reverse a conviction for ineffective assistance of counsel under *Strickland* and cases interpreting *Strickland,* especially where, as here, evidence of guilt is overwhelming.[3] Finally, the trial court specifically found that Oakley was deliberately trying to manipulate the judicial system in order to maintain his liberty as long as possible. The court apparently based its finding on the fact that, although warned on August 13 to get Hardeway prepared for trial on the fifteenth, Oakley did not tell Hardeway that trial was set for the fifteenth—at least according to Hardeway. This finding of the trial judge is not clearly erroneous; nor do we think the trial judge abused his discretion in refusing to grant Oakley a continuance or a severance in these circumstances. This was the *third* time Oakley's case had been set for trial; and the prosecutor, co-defendants, and counsel for co-defendants—plus a jury pool—were ready to proceed. There is no merit in this claim.

We have carefully considered Oakley's other claims for reversal and conclude that

---

2. Oakley contends that he was detained for 8–12 hours. The record does not support a detention of 12 hours. The testimony showed that Oakley was arrested at "about 7:00 p.m.", and was transported to jail "sometime after midnight" but not as late as 4:00 a.m.

3. In addition, preparation time was almost surely adequate in this case. Hardeway is an experienced criminal lawyer. A review of the record shows he conducted very thorough cross-examinations and displayed great knowledge of drug charges generally. This case involved a simple, three-count indictment. Hardeway had two days to prepare for cross-examination of Agent Wendling as to Oakley's confession, and obviously he had time to discuss the case with his client during that time.

only one merits discussion. The complaint that counsel was coerced into representing Oakley by threats of disbarment made by the court can scarcely avail Oakley. Certainly it was most unfortunate and improper; but Oakley, who by reason of it received free and adequate representation, was its beneficiary, not its victim.

The judgment of the trial court is AFFIRMED.