**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Conrado Jesus GOMEZ, Defendant–Appellant.**

**No. 91–5535**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 7, 1991.

Michael D. Bernard, San Antonio, Tex. (Court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, Larry Mathews, Asst. U.S. Attys., Ronald F. Ederer, U.S.

Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, KING and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

This case returns to us after remand. On the earlier appeal we returned this matter to the district court for a determination whether a tape recording of a conversation between Conrado Gomez and co-defendant Jesus Duran, which was a critical part of the evidentiary base for Gomez's convictions for conspiracy and the substantive offenses of possession with intent to distribute heroin and cocaine, had been made with the requisite consent. *United States v. Gomez*, 900 F.2d 43 (5th Cir.1990). The sole question on remand was the consent of Duran. 18 U.S.C. § 2511(2)(c). The district court found that the recording was made with Duran's consent. On the record before us we affirm this finding and, accordingly, affirm Gomez's convictions.

■ Gomez maintains that the evidence adduced at the remand hearing was insufficient to support the district court's finding of consent. Our task on appeal is limited to determining whether there was sufficient evidence to support the district court's finding of fact, a finding we must accept unless clearly erroneous. *United States v. Kolodziej*, 706 F.2d 590 (5th Cir. 1983). Although the burden is on the United States to prove consent, in most cases the requisite consent is deemed extant where "the informant placed the telephone call knowing that it would be recorded." *Id.; United States v. Jones*, 839 F.2d 1041 (5th Cir.1988).

■ Duran testified that he made the telephone call to Gomez prior to his arrest, that no one sought his consent to record the conversation, that he saw no tape recording equipment in the room, and that he was not aware the telephone conversation had been recorded until he read his presentencing report. When asked why he placed the call to Gomez Duran replied "just for no reason, just to make believe, you know, who I was or why I was there for."

The prosecutor presented testimony by DEA Special Agent Rudolph Gonzales, Laredo (Texas) Police Officer Raul Perez, and Eagle Pass Police Officer Homer Galindo. Each testified that Duran had agreed after his arrest to make the telephone call to Gomez and to allow it to be recorded. Their testimony reflected that the recording equipment was plainly visible from Duran's position, that the aural intercept device was physically attached by suction cup to the earpiece of Duran's telephone, and that a two-foot cable connected Duran's handset to the recorder. Although the testimony does not identify the person who actually monitored the call while it was being recorded, this evidentiary lapse alone is not sufficient to taint as clearly erroneous the finding of consent to record. The district court credited the testimony of the government witnesses. We will not disturb that credibility assessment.

■ Gomez maintains that his sixth amendment right to trial by jury guarantees that the issue of consent, once disputed, is a factual issue to be decided solely by the jury. In resolving this issue we agree with the analysis of our colleagues in the Third Circuit in *United States v. Antoon*, 933 F.2d 200 (3rd Cir.1991), that the consent required for the admissibility of a tape recording is a question of fact to be determined from the totality of circumstances. Such questions of admissibility are preliminary questions to be determined by the court. Fed.R.Evid. 104(a); *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Neither *Jackson* nor Rule 104(a) mandate that the court submit the consent issue to a jury after the court has made its initial determination of admissibility. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). At his trial Gomez was entitled to challenge the probative adequacy of the evidence of consent. Had he raised a genuine issue of voluntariness he may have been entitled to a jury instruction on the issue. *United States v. Oakley*, 827 F.2d 1023 (5th Cir.

1987). He did not do so. We find no merit in this sixth amendment claim.

The trial court's finding on remand that the tape recording was made with Duran's consent is AFFIRMED; the convictions of Gomez are, accordingly, AFFIRMED.