IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-1732
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    versus

DANIEL IFY IWEGBU,

                              Defendant-Appellant.

_____

Appeal from the United States District Court for
the Northern District of Texas
_____

October 21, 1993

Before POLITZ, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit
Judges.

REAVLEY, Circuit Judge:

Defendant Daniel Iwegbu appeals his conviction for
conspiracy to import heroin.  He argues that the trial court
erred in failing to conduct a hearing on the voluntariness of his
alleged confession, and in failing to give a jury instruction
regarding the alleged confession.  Because the district court's
errors, if any, do not rise to the level of plain error, we
affirm.

**BACKGROUND**

DEA agent Tim Stover, one of the officers who arrested
Iwegbu, testified that he interviewed Iwegbu after he was taken

to the DEA's Dallas offices.  He stated that after reading Iwegbu his rights, Iwegbu voluntarily confessed to his involvement in a heroin smuggling operation.  According to Stover, Iwegbu made several incriminating statements, including an admission that he had recruited Pam Jones and Veronica Baker (both of whom testified against him) for the operation.  Stover testified that Iwegbu admitted that a large sum of cash seized from him by U.S. Border Patrol agents was intended as payment to Jones, Baker, and himself, as well as to cover expenses for the operation.

After the Government called seven witnesses and rested its case, Iwegbu testified as the sole defense witness.  His defense was that Pam Jones was a spurned lover who had set him up.  On cross-examination, he denied making inculpatory statements to Stover, and stated that he was not read his rights until just before he left the DEA offices, after "they [had] kept me there for a long time."  He also claimed that Stover had insulted him, threatened him with life in prison, and "told me I should help them, you know."  Stover denied telling Iwegbu that he should cooperate with the Government, and denied "threatening him with life in prison or anything like that."

## DISCUSSION

Iwegbu complains that his testimony put in issue the voluntariness of his alleged confession.  Under 18 U.S.C. § 3501(a)(1985):

> [A confession] shall be admissible in evidence if it is
> voluntarily given.  Before such confession is received
> in evidence, the trial judge shall, out of the presence

2

of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made . . . [he] shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

The statute is written in mandatory language, and therefore once an issue arises as to the voluntariness of a confession, the district court should conduct a voluntariness hearing and give the instruction required by the statute. In this case, Iwegbu's counsel did not file a motion to suppress the confession, did not request a hearing or instruction, and did not object to Stover's testimony. We have held however that even when no request is made for the hearing and instruction, the district court should comply with the statute *sua sponte* when the evidence clearly raises a question of voluntariness. *United States v. Renteria*, 625 F.2d 1279, 1283 (5th Cir. 1980) (requiring *sua sponte* hearing)[1]; *United States v. Oakley*, 827 F.2d 1023, 1025-26 (5th

---

[1]    *United States v. Espinoza-Seanez*, 862 F.2d 526 (5th Cir. 1988), holds that a failure to challenge the introduction of a confession at trial, through an objection which makes clear that a voluntariness hearing is being requested, precludes a defendant from later raising on appeal the absence of a voluntariness hearing. *Id*. at 535. This holding is inconsistent with the holding in *Renteria* that the court should conduct a hearing on its own motion once the issue of voluntariness is clearly raised by the evidence. For three reasons, we are inclined to follow *Renteria*. First, in this circuit, where two panel opinions conflict, we are obliged to follow the earlier one. *Luna v. Department of Health and Human Serv.*, 948 F.2d 169, 172 (1991). Second, our reading of *United States v. Olano*, 113 S. Ct. 1770 (1993), discussed *infra*, is that the failure to conduct a voluntariness hearing, as with other alleged errors by the trial court, may be raised on appeal under FED. R. CRIM. P. 52(b) even if not brought to the attention of the district court, but such error is only subject to review for plain error. Third, even if we were writing on a clean slate, we would agree with *Renteria* that the district court should conduct a voluntariness hearing on its own motion once the issue is clearly raised by the

3

Cir. 1987) ("The trial court is also required to instruct the jury . . . if the evidence raises a genuine question of voluntariness, even though defendant's counsel may not have requested such an instruction.").

We face two issues. First, did the evidence raise a genuine issue of voluntariness, triggering the requirements of a hearing and instruction? Second, if the issue of voluntariness was in issue, did the district court's failure to conduct the hearing and give the instruction *sua sponte* amount to reversible error? We pretermit the first issue and assume that a genuine issue of voluntariness was raised. *Compare Renteria*, 625 F.2d at 1282-83 (finding issue raised when defendant testified that DEA agent told him that he could spend the rest of his life in prison, that his mother was on her deathbed, that he had ruined his mother's life, and that if he did not confess, his mother would be arrested for harboring a fugitive).

Assuming *arguendo* that the issue of voluntariness was raised, we turn to whether the district court's failure to give the instruction and conduct the hearing constitutes reversible error. Since there were no requests or objections raised in the district court regarding the confession testimony, the errors asserted on appeal must amount to plain error under the most recent writing of the Supreme Court. *United States v. Olano*, 113 S. Ct. 1770, 1776-78 (1993); FED. R. CRIM. P. 52(b). Under *Olano*,

---

evidence, since § 3501(a) is written in mandatory language and is not conditioned on a request for a hearing by the defendant.

errors not raised in the district court are treated as forfeited errors and are subject to the plain error standard of review, which "in most cases . . . means that the error must have been prejudicial:  It must have affected the outcome of the District Court proceedings."  *Id*. at 1778.  A court of appeals should correct a plain forfeited error if failing to do so would "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id*. at 1779.  *See also United States v. Birdsell*, 775 F.2d 645, 653 (5th Cir. 1985) ("Plain error . . . must be obvious, substantial, and so basic and prejudicial that the resulting trial lacks the fundamental elements of justice."), *cert. denied*, 106 S. Ct. 1979 (1986).  Under the plain error standard of review, the defendant bears the burden of persuasion with respect to prejudice.  *Olano*, 113 S. Ct. at 1778.  We review a claim of plain error against the entire record.  *United States v. Young*, 105 S. Ct. 1038, 1046 (1985).

While *Olano* leaves open the possibility that some forfeited errors can be corrected regardless of their effect on the outcome of the trial, or that some errors should be presumed prejudicial, 113 S. Ct. at 1778, we conclude that such a special case is not presented here.  We hold that a defendant, complaining for the first time on appeal of a failure to comply with § 3501(a), must show that the error "had an unfair prejudicial impact on the jury's deliberations."  *Young*, 105 S. Ct. at 1047 n.14.[2]

---

[2]    Some of our prior cases suggest that certain errors by the district court, including the failure to comply with § 3501(a), are plain error *per se*, but that such plain errors are

Applying this standard of review, we hold that the failure to give the instruction and conduct the hearing was not plain error. Regarding the hearing, the district court was faced with a situation where the government witness insisted that the confession was entirely voluntary, and the defendant insisted that there had been no confession at all. Even if the court had conducted a voluntariness hearing, the court would have had to conclude that any confession given was given voluntarily. Hence, such a hearing would not have affected the evidence presented to the jury.[3]

---

not reversible if they are harmless. *E.g.*, *Oakley*, 827 F.2d at 1026; *Renteria*, 625 F.2d at 1283. However, our reading of the Supreme Court's decisions in *Olano* and *Young*, *supra*, is that plain error, by definition, is "harmful" error, and that a *per se* approach to harmful error should be avoided. *Olano*, 113 S. Ct. at 1778 ("Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)."); *Young*, 105 S. Ct. at 1047 n.14 ("A *per se* approach to plain-error review is flawed. . . . [F]ederal courts have consistently interpreted the plain-error doctrine as requiring an appellate court to find that the claimed error not only seriously affected 'substantial rights,' but that it had an unfair prejudicial impact on the jury's deliberations. Only then would the court be able to conclude that the error undermined the fairness of the trial and contributed to a miscarriage of justice."). *See also United States v. Thetford*, 676 F.2d 170, 180 n.19 (5th Cir. 1982) ("Plain error exists only if it affects substantial rights of a party so basic that the infraction can never be treated as harmless error."), *cert. denied*, 103 S. Ct. 790 (1983).

[3]     On appeal, Iwegbu does not seriously contend otherwise. Nowhere in his appellate briefs does he argue that a hearing would have convinced the district court that the confession, if any, was coerced. His "Statement of the Issue" in his opening brief addresses only the failure to give the instruction, as do his "Summary of the Argument" and his headings under the argument sections of his opening brief.

Based on all the circumstances in this case, we also conclude that the failure to give a voluntariness instruction, if error at all, does not constitute plain error. First, the district court did give a general instruction on the credibility of witnesses.[4] A voluntariness instruction focuses the jury on the need to exercise extra caution and attention when considering confession testimony. We agree with Iwegbu that a general credibility instruction does not satisfy the requirements of § 3501(a). *See United States v. McLernon*, 746 F.2d 1098, 1120 (6th Cir. 1984). However, in our view the general instruction does limit the possible prejudice in failing to give the voluntariness instruction, and hence informs our analysis of whether the plain error standard is met. *See United States v. Hoac*, 990 F.2d 1099, 1109-10 (9th Cir. 1993) (general credibility instruction

---

[4] The jury was instructed as follows:

You are the sole judges of the credibility or "believability" of all witnesses and the weight to be given to their testimony. You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. In weighing the testimony of a witness you should consider the relationship of the witness to the government or to the defendant; the witness' interest, if any, in the outcome of the case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness' candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other believable evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

7

supported conclusion that failure to give voluntariness instruction was not plain error).

Second, Iwegbu denied making any incriminating statements, and hence shifted the focus of the trial away from the issue of voluntariness and toward the issue of whether the statements were made at all. Again, we agree with Iwegbu that denying that a confession was made does not render § 3501(a) inapplicable. *United States v. Barry*, 518 F.2d 342, 346-47 (2d Cir. 1975) ("[Section 3501] is not qualified . . . by a defendant's denial that he has ever made any inculpatory statements. . . . A defendant may properly claim that he made no incriminating statements and that any statements which the jury might find that he made were coerced."). However, this testimony limited any possible prejudice resulting from the failure to give the instruction, by shifting the emphasis of the trial away from the voluntariness issue. *Cf. United States v. Gonzalez*, 548 F.2d 1185, 1190 (5th Cir. 1977) ("Furthermore, there does seem something inconsistent about appellant complaining he was never given a hearing on the issue of *Miranda* warnings or voluntariness of his confession in light of his testimony that he never made a confession!").

Third, the confession testimony was strongly corroborated by other evidence presented at trial, including the testimony of three other participants in the smuggling scheme and an undercover agent. The confession testimony was cumulative of other evidence on which a reasonable jury easily could have

convicted Iwegbu.  Iwegbu's defense -- that he was set up by Pam Jones because he ended their affair -- was directly contradicted by Jones, who denied the existence of the affair.  Iwegbu's trial testimony regarding the seized cash was also contradicted by several witnesses.

Fourth, in the context of the whole district court proceeding, the issue of voluntariness was downplayed to the point that it was a minor issue.  This issue was never raised by either side prior to trial, during opening or closing statements, or during the charge conference.  Iwegbu concedes that the district court had no way of knowing that there was even an issue of voluntariness until Iwegbu testified.  Counsel for Iwegbu made no mention of Stover's confession testimony during his closing argument.  *Cf. United States v. Fuentes*, 563 F.2d 527, 535 (2d Cir.) (finding issue of voluntariness not raised, in part because issue was not mentioned in defense counsel's opening and closing arguments), *cert. denied*, 98 S. Ct. 491 (1977).

We conclude that Iwegbu has not met his burden of showing prejudice.

AFFIRMED.