UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-30661
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN MYLES aka Kevin M. Myles
and WALTER TURNER

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

(CR-94-97-F)
_____

*************************************************************

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 95-30101
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANA HICKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

(CR-94-97)
_____

December 22, 1995

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Kevin Myles and Walter Turner were convicted for conspiracy to distribute cocaine base and possession of cocaine base with intent to distribute. In addition, Myles was convicted for use of a weapon during a drug trafficking offense. Both appeal their convictions. Dana Hicks was indicted with Walter Turner and Kevin Myles; he appeals the denial of his motion to withdraw his guilty plea and his sentence. We **AFFIRM**.

I.

Agents of the Bureau of Alcohol, Tobacco and Firearms and the Drug Enforcement Administration, working with the New Orleans Police Department, obtained a federal search warrant for 3107 Marais Street in New Orleans. When the warrant was executed, Turner and Hicks were present; Turner told agents that he owned the house, that he occupied the second bedroom, and that Myles occupied another bedroom. Agents seized cocaine, numerous firearms, ammunition, United States currency, and narcotics-related items. Turner was arrested at the time of the search.

---

[1]     Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that rule, the court has determined that this opinion should not be published.

Myles was arrested several days later. He gave a recorded confession to DEA agent Jim Langnes and ATF agent Charles Hustmyre after they gave him *Miranda* warnings.

II.

A.

Myles asserts that the district court did not comply with 18 U.S.C. § 3501, which governs the procedure to be used when a defendant challenges the voluntariness of a confession. The Government introduced his recorded confession to Agent Hustmyre during its direct examination of him. Myles objected, stating that "the basis for the objection is that prior statements, prior testimony given by Agent Langnes, indicated that [Myles] did not give that statement free and voluntary and that he was, in a sense, given a promise of leniency for making a statement at the time".

The district court overruled the objection, stating that it was not supported by the record. The Government then questioned Agent Hustmyre about whether threats were made to Myles, or any promises made to him regarding his cooperation. Agent Hustmyre responded that Myles was told that his cooperation would be brought to the attention of the United States Attorney's office. The court stated that, "in view of [Myles'] objection", Myles would be given the opportunity to cross-examine Agent Hustmyre for any inconsistency between his and Agent Langnes' testimony.

Myles elicited the following on cross-examination. Myles was read his constitutional rights before any statement was made; Myles

was told that his cooperation would be brought to the attention of the United States Attorney, but no promise was made that the court would be made aware of the cooperation; and Agent Langnes was present when Myles was interviewed, but he made no promises to Myles.

Myles reiterated his objection to the admission of the confession, at which time the court conducted a bench conference. At the conference, the court asked Myles' lawyer why he had not filed a motion to suppress the confession. Counsel responded that his client had only recently informed him of the statement. Myles asserted that Agent Langnes had testified that he told Myles that if he were to cooperate, it would be brought to the court's attention,[2] and that he believed that he would receive favorable treatment by the court. The court again overruled the objection, and the recorded confession was played for the jury.

Section 3501(a) provides that:

> ... [A confession] shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made ... [he] shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

18 U.S.C. § 3501(a). Myles contends that the court determined the issue of voluntariness partly in front of the jury, failed to make

---

[2]    Agent Langnes testified that when Myles was arrested he was advised of his *Miranda* rights and told that "if he were to cooperate with the [G]overnment his cooperation would be made known to the judge before he was sentenced".

specific findings on the voluntariness of the confession, and, after finding that the confession was voluntary, failed to give the required jury instruction. The Government counters that "no genuine issue of voluntariness existed", inasmuch as trial testimony established that Myles was advised of his rights before confessing and had agreed to be interviewed.

This court held in *United States v. Iwegbu*, 6 F.3d 272, 274 (5th Cir. 1993), that § 3501 "is written in mandatory language, and therefore once an issue arises as to the voluntariness of a confession, the district court should conduct a voluntariness hearing and give the instruction required by the statute". Iwegbu's counsel had not moved to suppress, did not request a hearing or instruction, and did not object to testimony regarding the controverted confession. *Id*. at 274. Our court explained that "even when no request is made for the hearing and instruction, the district court should comply with the statute *sua sponte* when the evidence clearly raises a question of voluntariness". *Id*. Unlike Iwegbu, Myles objected to the admission of the confession on voluntariness grounds, thereby clearly raising the issue.

*Iwegbu* held that, when voluntariness was placed in issue in district court, this court asks whether that court's failure to conduct the hearing and give the instruction *sua sponte* amounts to reversible error and that, if no requests or objections were made in district court regarding the confession, then the errors asserted on appeal must amount to plain error. *Iwegbu*, 6 F.3d at

274.  No request was made by Myles for a hearing or instruction pursuant to § 3501.[3]

Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors:  (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  ***United States v. Calverley***, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(citing ***Olano***, 113 S. Ct. at 1776-79), *cert. denied*, 115 S. Ct. 1266 (1995).

Plain error is one that is "clear or obvious, and, at a minimum, contemplates an error which was clear under current law at the time of trial".  ***Calverley***, 37 F.3d at 162-63 (internal quotation and citation omitted).  "[I]n most cases, the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding." ***Id***. at 164.

Even when the appellant carries his burden, Rule 52(b) is permissive, not mandatory.  If the forfeited error is plain and affects substantial rights, this court has authority to correct the error, but is not required to do so; and this discretion is narrow. ***Rodriguez***, 15 F.3d at 416-17.  We exercise it only when errors "seriously affect the fairness, integrity, or public reputation of judicial proceedings".  ***Calverly***, 37 F.2d at 164.

The district court erred when it did not follow the mandate of § 3501 to hold a hearing outside the presence of the jury and when it did not instruct the jury on the weight to be given the

---

[3]     Myles concedes that no jury instruction was requested, but asserts that the failure constituted plain error.

confession. Myles, however, does not meet his burden of showing that the error "had an unfair prejudicial impact on the jury's deliberations". *Iwegbu*, 6 F.3d at 275 (citation and internal quotation marks omitted).

Myles' only claim that the confession was not voluntary is that he made the confession "as a direct result of the agents promising to bring his cooperation to the attention of the United States Attorney's Office". This reason does not implicate any of the factors § 3501(b) discusses as circumstances the district court should consider when determining whether a confession was voluntary.[4] Nor does Myles show that such a belief rendered the confession involuntary. Thus, even if the district court had conducted a voluntariness hearing, it would have had to conclude that the confession was free and voluntary. Consequently, the hearing would not have affected the evidence presented to the jury. *See* *Iwegbu*, 6 F.3d at 275. Because Myles has not demonstrated any prejudice that resulted from the district court's failure to

---

[4]     Section 3501(b) provides that when determining the voluntariness of a confession, the trial judge should consider "all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether ... such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether ... such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether ... such defendant was without the assistance of counsel when questioned and when giving such a confession".

conduct a voluntariness hearing, the error cannot be considered one that affects a substantial right.

Although the court did not give a specific instruction on the weight the jury was to give to the confession, the court did give a general instruction on the credibility of witnesses. Such a general instruction limits the possible prejudice that might result from the failure to give a voluntariness instruction. *Iwegbu*, 6 F.3d at 275-76 & n.4.[5] Moreover, in closing argument, Myles' counsel referenced the confession, but neglected to make use of the opportunity to argue that it was involuntary, further undermining Myles' claim on appeal that the failure to instruct the jury on voluntariness constituted the type of serious error required to satisfy our plain error standard. Considering both the instruction given and his attorney's choice not to argue involuntariness to the jury, we cannot find that the failure to explicitly instruct on voluntariness affected any substantial right of the defendant.

In sum, there was no plain error.

B.

Turner maintains that the evidence was insufficient to support his conviction for conspiring to possess with intent to distribute cocaine base and for possession with intent to distribute. He acknowledges that he did not move for judgment of acquittal at the

---

[5] The general instruction on the credibility of witnesses found by the *Iwegbu* court to limit possible prejudice resulting from the district court's failure to give a voluntariness instruction contains the same language as the district court's general charge on the credibility of witnesses in the instant case.

- 8 -

close of the Government's case, and that no such motions were made at the close of all the evidence.

Absent a motion for acquittal, we review the sufficiency of the evidence only for whether affirmance would result in manifest injustice. *United States v. Singer*, 970 F.2d 1414, 1418 (5th Cir. 1992). Under this standard, Turner's conviction may be reversed only if the record is devoid of evidence pointing to guilt, or if the evidence on a key element of the offense was so tenuous that a conviction would be shocking. *See* *United States v. Sparks*, 2 F.3d 574, 585 (5th Cir. 1993) (quoting *United States v. Galvan*, 949 F.2d 777, 782-83 (5th Cir. 1991), *cert. denied*, __ U.S. __, 114 S. Ct. 720 (1994).

To prove the conspiracy charge, the Government was required to establish beyond a reasonable doubt (1) that a conspiracy existed, i.e., that Turner and at least one other person agreed to violate the narcotics laws; (2) that Turner knew of the conspiracy; and (3) that he voluntarily participated in it. *E.g., United States v. Cardenas*, 9 F.3d 1139, 1157 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 2150 (1994). And, to establish a violation of 21 U.S.C. § 841(a)(1) for possession with intent to distribute cocaine, the Government must show knowing possession with intent to distribute. *United States v. Munoz*, 957 F.2d 171, 174 (5th Cir.), *cert. denied*, 113 S. Ct. 332 (1992).

As the Government contends, Turner's rendition of the facts shows that the record is not devoid of evidence of his guilt. Turner states that Government witnesses testified that a search of

Myles' bedroom in Turner's house yielded "fifty grams of cocaine base found in three different locations, an automatic pistol, an assault rifle, an AK 47, over $5000 in United States currency in a box, $700 in United States currency in a jacket, hundreds of rounds of ammunition, a digital scale, four pagers, and a cellular phone". A search of his bedroom revealed a small amount of cocaine base in the pocket of a jacket, $610 which drew a reaction from a drug-sniffing dog, and two boxes of ammunition. From this evidence alone, a jury could have inferred that Turner and Myles conspired to possess and distribute cocaine base, and that Turner possessed it.

### C.

Dana Hicks pleaded guilty to possession with the intent to distribute cocaine base. The presentence report (PSR) increased his base offense level for relevant conduct. At his sentencing hearing, Hicks moved to withdraw his guilty plea, on the basis that he had not thought that he would be sentenced for relevant conduct. The district court denied the motion, and sentenced him to 236 months of imprisonment and a five-year term of supervised release.

### 1.

Hicks asserts that the district court erred when it denied his motion to withdraw his guilty plea. He testified at the sentencing hearing that he wished to withdraw his plea because the PSR included relevant conduct, i.e. conspiracy to possess cocaine, when calculating the recommended sentence. Hicks' counsel told the court that, prior to Hicks' plea, counsel advised Hicks that

relevant conduct would be considered by the court in sentencing; Hicks acknowledged this on cross-examination.

This court reviews the denial of a motion to withdraw a guilty plea only for abuse of discretion. *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991), *cert. denied*, __ U.S. __, 114 S. Ct. 135 (1993). In *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985), our court enumerated seven factors for district courts to consider when ruling on such a motion: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether adequate assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.

Hicks raises two of the *Carr* factors on appeal. He urges that his guilty plea was not knowing and voluntary because he did not think that the court would consider relevant conduct when sentencing him. But, his above referenced testimony contradicts this. Moreover, receiving a sentence different from that hoped for is not a proper basis for the withdrawal of a guilty plea. *United States v. Rodriguez*, 62 F.3d 723, 725 (5th Cir. 1995).

Hicks contends that the Government failed to prove when he was informed of the relevant conduct, and, therefore, the district court was unable to evaluate properly whether his motion was

unnecessarily or intentionally delayed.  The Government, however, does not bear the burden of proof on this issue.  *See **United States v. Badger***, 925 F.2d 101, 104 (5th Cir. 1991).  Additionally, the PSR, dated September 9, 1994, referenced relevant conduct, but Hicks made no objection to the reference.  Two revisions to the PSR followed on October 24, 1994, and January 19, 1995, also referencing relevant conduct.[6]  Again, Hicks made no objections to the inclusion of relevant conduct.  His first objection to the inclusion of relevant conduct was just before sentencing on January 25, 1995; and Hicks offered no excuse for the delay.

Turning to the remaining **Carr** factors, Hicks does not assert his innocence.  The Government would undoubtedly be prejudiced by bringing the case to trial, inasmuch as the confidential informant in the case has since been killed.  As noted, counsel informed the court, and Hicks testified, that counsel had apprised Hicks of the use of relevant conduct in reaching a sentence.  Moreover, Hicks testified that he was satisfied with counsel's representation.  Last, in that the case had already proceeded to the sentencing hearing when Hicks brought his motion, a trial would inconvenience the court and waste judicial resources.  In sum, the district court did not abuse its discretion when it denied Hicks' motion to withdraw his guilty plea.

2.

---

[6]    The revisions to the PSR are not part of the record, but were discussed by the district court at the sentencing hearing.

Hicks contests the court's findings regarding the amount of drugs used to calculate his sentence. The PSR, prepared September 9, 1994, applied U.S.S.G. § 1B1.3(a)(1)(A), which governs relevant conduct, to determine the total amount of drugs used to determine the base offense level.

After hearing testimony relative to Hicks' motion to withdraw and denying it, the court questioned whether an objection regarding the amount of drugs had been properly made, because Hicks' counsel had not objected to a revised PSR. When asked whether he wished to present any argument, Hicks' counsel stated that he did not view the revised PSR as different from the first PSR. Counsel made no argument regarding the amount of drugs determination.

The district court explained that it denied the motion to withdraw because Hicks waived his right to object to the amount of drugs used, by failing to object to the third revised PSR. Even though the court found the objection was waived, the court also held that Hicks' objection was meritless.

The court also read from a post-arrest statement given by Myles. In that statement, Myles told agents for the ATF and the DEA that Hicks had been supplying him with one to two ounces of crack cocaine per week for six months prior to Myles' arrest.

On appeal, Hicks contends that when the court addressed the merits of the number of drug transactions he had with Myles, it acknowledged that the issue was disputed. He asserts that the court was then bound to conduct an evidentiary hearing to determine the reliability of the evidence supporting the findings. According

to Hicks, Myles was not reliable, and the court should have called on the probation officer and the prosecutor to produce any evidence to corroborate his statement.

The district court's findings of fact for sentencing must be accepted by this court unless they are clearly erroneous. *E.g., United States v. Soliman*, 954 F.2d 1012, 1014 (5th Cir. 1992). A factual finding is not clearly erroneous if it is plausible in light of the entire record. *E.g., United States v. Sanders*, 942 F.2d 894, 897 (5th Cir. 1991). And, the sentencing court may consider any evidence relevant to sentencing which has sufficient indicia of reliability to support its probable accuracy. *See* § 6A1.3(a); *United States v. Sherbak*, 950 F.2d 1095, 1100 (5th Cir. 1992). "The defendant bears the burden of demonstrating that information the district court relied on in sentencing is materially untrue." *United States v. Vela*, 927 F.2d 197, 201 (5th Cir.), *cert. denied*, 502 U.S. 875 (1991) (internal quotations and citation omitted). The court must resolve specifically disputed factual issues if it intends to use the facts as a basis for its sentence. Fed. R. Crim. P. 32(c)(3)(D).

The record does not support Hicks' claim that the relevant conduct issue was specifically disputed. Moreover, Hicks has not demonstrated that the information the district court relied on was materially untrue, inasmuch as he merely criticizes Myles statement and presents no evidence to contradict it. Accordingly, he has failed to establish clear error.

III.

For the reasons discussed above, the judgments are

**AFFIRMED.**