IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40230
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN DEQUINCE BROWN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CR-5-1
--------------------
December 21, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Sean DeQuince Brown ("Brown") appeals his convictions involving bank robbery and the use of a firearm during the commission of a crime of violence. He argues that (1) his waiver of the right to counsel was (a) involuntarily made because he was forced to choose between proceeding with ineffective counsel and proceeding pro se and (b) unknowingly made because the magistrate judge's inquiry into the waiver was inadequate; (2) the district court erred in admitting his confession; (3) the district court violated his rights under the Confrontation Clause of the Sixth

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment by admitting hearsay testimony; and (4) the evidence was insufficient to support his convictions.

This court has reviewed the record and the briefs of the parties. This court rejects Brown's argument that his waiver of the right to counsel was involuntarily made because the record does not show that he was forced to choose between proceeding with ineffective counsel and proceeding pro se. See Richardson v. Lucas, 741 F.2d 753, 757 (5th Cir. 1984). This court rejects Brown's argument that his waiver of the right to counsel was unknowingly made because the magistrate judge's inquiry into the waiver was adequate. See Neal v. Texas, 870 F.2d 312, 314 (5th Cir. 1989). This court rejects Brown's argument that the district court erred in admitting his confession because he did not raise an issue as to the voluntariness of his confession in the district court and does not explain how the evidence in the record would "clearly raise" a question as to the voluntariness of his confession. See United States v. Iwegbu, 6 F.3d 272, 274 (5th Cir. 1993). This court rejects Brown's argument that the district court violated his rights under the Confrontation Clause by admitting hearsay testimony because the testimony of Agents Angel Martinez and Blake McConnell did not contain hearsay as Brown asserts. See United States v. Cheramie, 51 F.3d 538, 541 (5th Cir. 1995). This court rejects Brown's argument that insufficient evidence existed to support his convictions because Brown did not adequately brief his aiding-and-abetting claim, see United States v. Posada-Rios, 158 F.3d 832 (5th Cir. 1998), cert. denied, 526 U.S. 1031, 1080, 1137 (1999), and Brown's argument

about hearsay is foreclosed by the earlier conclusion that the testimony of Agents Martinez and McConnell did not contain hearsay.  The judgment of the district court is AFFIRMED.