**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-10378**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**IL SOO CHO,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:99-CR-328-ALL-L)**
_____

March 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

   Il Soo Cho ("Cho") appeals his conviction and sentence, following a jury trial, for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. As an alien previously deported after an aggravated felony, Cho was sentenced to 71 months' imprisonment pursuant to 8 U.S.C. § 1326(b)(2).

   Cho first asserts the district court erred by refusing to give two requested jury instructions: 1) that the jury must find Cho knew he was _not_ entitled to reenter the United States without first obtaining the consent of the Attorney General; and 2) that a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable mistaken belief he was *not* required to obtain express consent of the Attorney General constitutes a complete defense. The refusal to give a particular instruction is error only if the instruction "(1) was substantially correct, (2) was not substantially covered in the charge delivered to the jury, and (3) concerned an important issue so that the failure to give it seriously impaired the defendant's ability to present a given defense". ***United States v. Pennington***, 20 F.3d 593, 600 (5th Cir. 1994) (citation omitted). Both of Cho's arguments fail on the first prong: § 1326 does *not* require proof of specific intent, and a "reasonable mistake" defense is *not* available. *See **United States v. Trevino-Martinez,*** 86 F.3d 65, 69 (5th Cir. 1996), *cert. denied*, 520 U.S. 1105 (1997). Furthermore, Cho concedes that the challenge is foreclosed by precedent, and is raised solely to preserve it for possible further review.

Cho next maintains the district court erred by refusing to include a jury instruction regarding the voluntariness of his statements to INS Agents. "[O]nce an issue arises as to the voluntariness of a confession, the district court should conduct a voluntariness hearing and give the instruction required by the statute". ***United States v. Iwegbu***, 6 F.3d 272, 274 (5th Cir. 1993); *see* 18 U.S.C. § 3501(a). Even if *no* specific request is made for a voluntariness hearing, the district court must comply with the statute *sua sponte* when the evidence clearly raises a question of voluntariness. *See **Iwegbu***, 6 F.3d at 274. However, there is *no* evidence or testimony to suggest that Cho's statements

2

were *not* voluntary; Cho did *not* deny making the statements or raise any complaint about the circumstances in which they were made. Cho acknowledges he raises the issue only to preserve it, and that it will merit reversal only if his previous claim succeeds.

This court's decision in **United States v. Terrazas-Carrasco**, 861 F.2d 93, 95 (5th Cir. 1988), also suggests that, even if it was error to refuse the instruction, any error was harmless. In **Terrazas-Carrasco**, the court concluded that, even if the district court erred by refusing to give the requested instruction, "any such error must be considered harmless beyond a reasonable doubt, given the other overwhelming evidence of defendant's guilt". *See* **Terrazas-Carrasco**, 861 F.2d at 95. Cho admits that the "overwhelming evidence" of guilt which rendered the errors in **Terrazas-Carrasco** harmless included the same kinds of evidence present in this case.

Finally, Cho contends that, in view of the recent decision in **Apprendi v. New Jersey**, 120 S. Ct. 2348 (2000), his sentence should be vacated. Cho notes that his amended indictment removed any reference to his previous felony convictions and recited only facts supporting a charge of "simple reentry" under 8 U.S.C. § 1326(a), yet he was sentenced to a term in excess of that subsection's two-year statutory maximum. Cho acknowledges that this argument is foreclosed by **Almendarez-Torres v. United States**, 523 U.S. 224 (1998). In **Almendarez-Torres**, the Supreme Court held that 8 U.S.C. § 1326(b) states a sentencing factor, *not* a separate criminal offense, and thus the aggravated felony triggering the increased

3

maximum penalty need *not* be alleged in the indictment *nor* proved to a jury beyond a reasonable doubt. *See* **Almendarez-Torres**, 523 U.S. at 235; **Apprendi**, 120 S. Ct. at 2363. Once again, Cho concedes the issue is foreclosed by Supreme Court precedent and is raised only to preserve it.

**AFFIRMED**