United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50678
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBIN DWAIN MALENA,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
(P-01-CR-98-1)
---------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Defendant-Appellant Robin Dwain Malena appeals his conviction, following a guilty verdict by a jury, for possession with intent to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred when it admitted a taped telephone conversation into evidence and allowed a Drug Enforcement Agency (DEA) agent to testify regarding the net weight of the seized marijuana. He also contends that the evidence is insufficient to sustain his conviction.

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The taped conversation in question occurred between a DEA agent, Malena, and Malena's brother, Terry, who was apprehended at the border while in possession of the marijuana in question. Malena argues that the government failed to prove that Terry consented to the interception of the telephone conversation and that, because consent was thus not established, the district court erred when it admitted the tape of the conversation into evidence. As this issue is raised for the first time on appeal, our review is limited to plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1422-23 (5th Cir. 1996) (en banc); United States v. Martinez, 962 F.2d 1161, 1165-66 (5th Cir, 1992). The evidence indicates that Terry initiated the telephone call to Malena with knowledge that the phone call would be recorded. As such, Terry's consent may be inferred; so it was not error, plain or otherwise, for the district court to admit the tape of the conversation into evidence. See United States v. Gomez, 947 F.2d 737, 738 (5th Cir. 1991) (deeming consent to exist when an informant placed a telephone call knowing that it would be recorded).

Malena also asserts that the district court erred when it allowed the DEA agent to testify regarding the net weight of the seized marijuana. Malena concedes, however, that he is uncertain whether the testimony should be characterized as lay testimony or expert testimony. As with the preceding issue, Malena raises this issue for the first time on appeal, limiting our review to plain

error.  See, supra, Douglass; Martinez.  The record shows that the district court adequately assessed the reliability of the testimony by ascertaining that the DEA agent was testifying from his personal observations regarding the facts of Malena's case and from the agent's knowledge and experience gained while serving with the DEA.  See Skidmore v. Precision Printing and Pkg., Inc., 188 F.3d 606, 618 (5th Cir. 1999) (explaining that extent to which indicia of reliability set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc. 509 U.S. 579 (1993) apply to any given testimony depends on the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony.).  We therefore reject Malena's contention on this issue as constituting plain error, if any error at all.

Finally, Malena urges that the evidence is insufficient to establish the intent element of his conviction.  A possession conviction requires proof that a defendant had knowing possession with the intent to distribute.  United States v. Heranandez-Palacios, 838 F.2d 1346, 1349 (5th Cir. 1988).  Possession may be actual or constructive, and may be proved by circumstantial evidence.  Id.  Even though the government offered only circumstantial evidence to establish Malena's knowledge and intent, when we construe all reasonable inferences from the evidence in favor of the verdict, see United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995), we are satisfied that the evidence is sufficient to sustain Malena's conviction.

The judgment of the district court is, in all respects, AFFIRMED.