# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2010

No. 09-41042
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON D. IVORY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-928-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brandon D. Ivory appeals his convictions for possession with intent to distribute more than 100 kilograms of marijuana and for conspiring to do so. He contends that the district court should have sua sponte conducted a hearing to determine whether his confession was voluntary. *See Jackson v. Denno*, 378 U.S. 368 (1964) (remanding for a hearing on a confession's voluntariness). He concedes that review is only for plain error because he did not raise the issue in the district court. *See United States v. Guanespen-Portillo*, 514 F.3d 393, 402

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2008); *United States v. Iwegbu*, 6 F.3d 272, 274 (5th Cir. 1993). "Under the plain error standard, [this court] will reverse only if (1) there is an error, (2) the error is clear under current law, and (3) the error affects the defendant's substantial rights." *Guanespen-Portillo*, 514 F.3d at 402. When those three showings are made, this court has the discretion to correct the error if it has a serious effect on the integrity, fairness, or public reputation of the judicial proceedings. *Id.* at 402-403. A trial court must conduct a voluntariness hearing on its own motion if the evidence reflects a genuine question of the voluntariness of a confession. *See Guanespen-Portillo*, 514 F.3d at 402; *United States v. Renteria*, 625 F.2d 1279, 1282-83 (5th Cir. 1980).

Citing *United States v. Powe*, 591 F.2d 833, 845-46 (D.C. Cir. 1979), Ivory argues that his confession was involuntary because it was induced by assertions that Ivory could help himself by confessing. A confession is not rendered involuntary simply because a suspect is advised that "there are advantages to cooperating." *United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1348 (5th Cir. 1994). "It is reasonable to assume that the cooperation of an arrested person often is prompted by a desire for leniency for himself or others," and statements made in such circumstances are not per se involuntary. *United States v. Robertson*, 582 F.2d 1356, 1368 (5th Cir. 1978). Moreover, a federal agent testified without contradiction that the agents told Ivory that they could not promise him anything and that he would have to talk to the United States Attorney.

Ivory offered little more than vague allusions to the voluntariness of his confession. He stated that he confessed only because he was tired, but the confession itself was highly detailed, and the record does not indicate that the interrogation was especially long, although it ended around 2:00 a.m. Ivory offered no direct evidence of threats or inherently coercive behavior. Moreover, he never moved to suppress the confession; rather, his lawyer affirmatively stated there was nothing to suppress.

Of slightly greater significance, Ivory testified at trial that he was not advised of his *Miranda*[1] rights prior to his confession.  The record does not show that the district court made any explicit or specific finding that Ivory was mirandized prior to confessing.  However, the district court was aware of Ivory's testimony as well as the starkly contrasting testimony from a federal agent in rebuttal.  In addition, the court had been explicitly advised that there was no suppression issue.  Because the evidence as a whole did not clearly raise a genuine question of voluntariness before the district court, we find no clear or obvious error in the failure to have a voluntariness hearing.  The judgment of the district court is AFFIRMED.  *See Guanespen-Portillo*, 514 F.3d at 403-05.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).