**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 94-30254
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHESTER CHERAMIE,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

(April 25, 1995)

Before WISDOM, WIENER, and PARKER, Circuit Judges.

WISDOM, Circuit Judge:

The defendant/appellant, Chester Cheramie, appeals from his conviction and sentence for possession with the intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1). We affirm his conviction, vacate his sentence, and remand the case to the district court for resentencing.

I

In April 1993, Chester Cheramie met with Lloyd Joseph Wilson in Venice, Louisiana, to discuss using Cheramie's boat to import about 500 kilograms of cocaine. Wilson was a confidential

informant for the Drug Enforcement Administration ("DEA"), and wore a transmitter during the meeting. Narcotics officers listened to and recorded the conversation between Wilson and Cheramie. At the meeting, the defendant agreed to take part in the scheme to import cocaine and marked a map of the Gulf of Mexico with potential drop areas.

In May 1993, Cheramie, Wilson and an undercover DEA agent, Frank Garza, met in a motel room in Harvey, Louisiana to discuss the importation scheme. The sheriff's department had wired the room for audio and video recording of the meeting, but Cheramie refused to enter the room. Cheramie, Wilson, and Garza discussed the scheme outside the motel, and the officers were able only to videotape the meeting. Garza testified that at the meeting, he agreed to give Cheramie two kilograms of cocaine to finance the scheme. Garza also testified that he placed a bag containing the cocaine in the flatbed of Cheramie's truck, and told Cheramie that the bag contained cocaine. Cheramie was arrested when he attempted to drive out of the motel parking lot.

Cheramie was charged with possession with the intent to distribute two kilograms of cocaine and was tried by a jury. Over Cheramie's objections, the district court admitted into evidence the audio tape recording of Cheramie's meeting with Wilson in April 1993. The court also admitted, over Cheramie's objection, testimonial evidence of an earlier incident in which Cheramie sold cocaine to a government witness for distribution. The jury convicted Cheramie, and the court denied Cheramie's motion for

2

verdict of acquittal. Over his objection, the court sentenced Cheramie as a career offender in accordance with § 4B1.1 of the Sentencing Guidelines because of his two prior drug-related conspiracy convictions. Cheramie was sentenced to 360 months imprisonment and eight years of supervised release. From his conviction and sentence, the defendant filed a timely notice of appeal.

## II

The defendant raises four arguments on appeal. The first two arguments challenge evidentiary rulings of the district court: the admission of the audio tape of the April 1993 meeting with Wilson, and the admission of testimonial evidence of Cheramie's prior involvement in cocaine sales. The defendant's third argument challenges the sufficiency of the evidence to support his conviction. Fourth, the defendant attacks his sentence, contending that the district court erred in sentencing him under the career offender provisions of the Sentencing Guidelines. We affirm the defendant's conviction, vacate his sentence, and remand the case for resentencing.

## A

We review the district court's determination of the admissibility of evidence for an abuse of discretion.[1]

The defendant's first argument on appeal contends that the district court abused its discretion in admitting into evidence

---

[1] United States v. Pace, 10 F.3d 1106, 1115 (5th Cir. 1993), cert. denied, 114 S. Ct. 2180 (1994); United States v.Jimenez Lopez, 873 F.2d 769, 771 (5th Cir. 1989).

the audio tape recording and transcript of the conversation between him and Wilson in April 1993. Over the defendant's objection, the district court admitted not only the statements of the defendant, but also the statements of Wilson, who was unavailable to testify at trial. The defendant objected to the statements of the informant as hearsay, and on appeal the defendant argues that the admission of the tape and transcript violated his Sixth Amendment right to confront the witnesses against him.

As authority for the admission of the tape into evidence, the government relies on case law from the Second Circuit Court of Appeals which allows for admission of statements of an unavailable witness not for the truth of the matters asserted, but to establish a context for the recorded statements of the accused.[2] The United States maintains that the district court correctly admitted into evidence the audio tape because the United States offered the statements of Wilson only to place the statements of the defendant in the proper context. We agree that the district court did not abuse its discretion in admitting into evidence the recorded statements of Wilson, an unavailable witness.

The confrontation clause of the Sixth Amendment guarantees criminal defendants the right to confront the witnesses against them. The right to confront witnesses includes the right to cross-examine witnesses who testify against a defendant at

---

[2] <u>United States v. Murray</u>, 618 F.2d 892, 900 (2d Cir. 1980).

trial.[3]  Hearsay evidence is inadmissible under the confrontation clause unless it can be shown that the declarant is unavailable to testify and that the hearsay evidence is supported by adequate indicia of reliability.[4]

In <u>United States v. Murray</u>,[5] the Second Circuit Court of Appeals found that the confrontation clause was not offended when an audio tape recording of an unavailable witness was admitted into evidence for the limited purpose of placing the defendant's statements in the proper context.  The court concluded that when the unavailable witness's statements are part of a "reciprocal and integrated" conversation with the defendant, admission of an audio tape of their conversation for the limited purpose of providing a context for the defendant's statements does not violate the defendant's Sixth Amendment right "to be confronted with the witnesses against him".[6]

In this case, Wilson's statements were part of a reciprocal and integrated conversation the agent had with the defendant.  The district court instructed the jury that Wilson's statements were hearsay and twice admonished the jury to consider the statements of Wilson only to provide context for the statements of the defendant and not for the truth of the matters Wilson

---

[3]     <u>Pace</u>, 10 F.3d at 1113; <u>Smith v. Illinois</u>, 390 U.S. 129, 131 (1968).

[4]     <u>Idaho v. Wright</u>, 497 U.S. 805, 814-17 (1990).

[5]     618 F.2d 892 (2d Cir. 1980).

[6]     <u>Id.</u> at 900.

asserted. Further, the United States offered indicia of the audio recording's reliability. There was no question of the identity of the speakers on the audio tape. Charles DeLaughter, an officer with the Jefferson Parish Sheriff's Office, testified at trial that while the audio tape was being recorded on April 17, 1993, he was in the immediate area, he watched the defendant and Wilson meet, and he simultaneously listened to the conversation as the tape was being recorded. We hold that in these circumstances, the admission of the evidence did not offend the defendant's Sixth Amendment right to confront the witnesses against him and that the district court did not err in admitting into evidence the audio tape.

Cheramie's second argument on appeal contends that the district court abused its discretion in allowing DEA informant Curtis Roberts to testify that Cheramie sold cocaine to him on previous occasions. Cheramie contends that because the sales were of relatively small quantities and had occurred long before trial, testimonial evidence of the sales is inadmissible.

Rule 404(b) of the Federal Rules of Evidence governs the admissibility of evidence of prior wrongful acts.[7] In United

---

[7] Rule 404(b) provides in part:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident . . . .

States v. Beecham,[8] this Court outlined a two-step test to determine the admissibility of evidence of a defendant's prior wrongful acts. Under Beecham, evidence of extrinsic offenses is admissible if it is (1) relevant to an issue other than the defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant.[9]

Curtis Robert's testimony of prior cocaine sales by the defendant was admissible under the Beecham test. First, the evidence of Cheramie's prior sales of cocaine was relevant to issues other than his character; the evidence was relevant to prove his knowledge and intent. Second, the highly probative value of this evidence was not substantially outweighed by the danger of unfair prejudice, and we cannot say that the district court abused its discretion in admitting into evidence Curtis Robert's testimony.

B

The defendant's third argument on appeal challenges the sufficiency of the evidence to support his conviction. The standard for reviewing a conviction based on allegedly insufficient evidence is whether a reasonable jury could find that the evidence establishes the guilt of the defendant beyond a reasonable doubt.[10]

---

[8] 582 F.2d 898 (5th Cir. 1978) (en banc) cert. denied, 440 U.S. 920 (1979).

[9] Id. at 911.

[10] United States v. Pennington, 20 F.3d 593, 597 (5th Cir. 1994) (citing United States v. Sanchez, 961 F.2d 1169, 1173

After the jury returned a guilty verdict, Cheramie moved for judgment of acquittal in accordance with Rule 29 of the Federal Rules of Criminal Procedure, contending that the government failed to establish beyond a reasonable doubt that he knowingly took possession of a gym bag containing two kilograms of cocaine on May 4, 1993, outside the Quality Inn in Harvey, Louisiana. Cheramie did not secure the gym bag Garza gave to him that night; instead, he left the bag on the flatbed of his truck. Cheramie contends that his failure to secure a bag containing thousands of dollars worth of cocaine demonstrates that he did not know what was in the bag.

We are not convinced of Cheramie's ignorance. In the light of the uncontroverted testimony of Garza, the evidence of Cheramie's meetings with both Garza and Wilson, and Cheramie's own statement admitting that he received cocaine, we conclude that a reasonable jury could have found beyond a reasonable doubt that Cheramie knowingly took possession of a bag containing cocaine, and that sufficient evidence supports his conviction.

C

The defendant's final argument on appeal contends that the district court erred in sentencing him as a career offender under § 4B1.1 of the Sentencing Guidelines. We review de novo the district court's application of the Sentencing Guidelines,[11] and we

_____

(5th Cir.), <u>cert. denied</u>, 113 S. Ct. 330 (1992)).

[11] <u>United States v. Palmer</u>, 31 F.3d 259, 261 (5th Cir. 1994).

review the authority of the Sentencing Commission to make a particular guideline determination as an issue of statutory construction.[12]

The career offender provision of the Sentencing Guidelines, § 4B1.1, provides in part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[13]

Subsection (2) of § 4B1.1 refers to the "triggering" offense, the instant offense of conviction, the offense for which the defendant is to be sentenced. Subsection (3) refers to prior offenses of which the defendant has been convicted that serve as a predicate for the application of the career offender guideline.

The source of authority for § 4B1.1 is 28 U.S.C. § 994(h).[14] Section 994(h) directs the Sentencing Commission to create guidelines specifying a sentence of imprisonment at or near the maximum authorized term for a defendant who is a "career" offender. The section defines a "career" offender as a defendant 18 years or older who:

(1) has been convicted of a felony that is--

---

[12] United States v. White, 869 F.2d 822, 827 (5th Cir. 1988), cert. denied, 490 U.S. 1112 (1989).

[13] U.S.S.G. § 4B1.1 (1993).

[14] United States v. Bellazerius, 24 F.3d 698, 700 (5th Cir.), cert. denied, 115 S. Ct. 375 (1994).

9

(A)  a crime of violence; or

(B)  an  offense  described  in  section  401  of  the
Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005,
and 1009 of the Controlled Substances Import and Export Act (21
U.S.C. 952(a), 955, and 959), and section 1 of the Act of September
15, 1980 (21 U.S.C. 955a); and

(2)  has  previously  been  convicted  of  two  or  more  prior
felonies, each of which is--

(A)  a crime of violence; or

(B)  an  offense  described  in  section  401  of  the
Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005,
and 1009 of the Controlled Substances Import and Export Act (21
U.S.C. 952(a), 955, and 959), and section 1 of the Act of September
15, 1980 (21 U.S.C. 955a).[15]

In  this  case,  the  defendant  was  sentenced  as  a  career
offender.  His  instant  offense,  possession  with  the  intent  to
distribute  cocaine,  qualifies  as  a  triggering  offense  under  28
U.S.C. 994(h)(1)(B) and under § 4B1.1.  The issue in this case is
whether  the  defendant's  two  prior  convictions  for  conspiracy  to
possess marijuana with the intent to distribute qualify as "prior
offenses"  for  purposes  of  the  career  offender  guideline.  The
defendant  argues  that  under  United  States  v.  Bellazerius,[16]
conspiracy offenses are not included within the ambit of § 4B1.1,

---

[15]    28 U.S.C. § 994(h) (1993).

[16]    24 F.3d 698 (5th Cir.), cert. denied, 115 S. Ct. 375
(1994).  But see United States v. Fiore, 983 F.2d 1 (1st Cir.
1992), cert. denied, 113 S. Ct. 1830 (1993).

10

and that the district court therefore erred in enhancing his sentence in accordance with the career offender guideline. We agree.

In Bellazerius, this Court held that the Sentencing Commission exceeded its statutory authority by including conspiracies to commit controlled substance offenses within the ambit of § 4B1.1, because the statute authorizing the career offender provision, § 994(h), does not list conspiracy offenses in its definition of the offenses that trigger career offender enhancement.[17] We concluded that "because the Commission promulgated section 4B1.1 under the authority of 28 U.S.C. § 994(h), it is invalid to the extent that its scope exceeds the reach of that section of the statute".[18] Accordingly, we held that a conviction of conspiracy to violate the narcotics laws does not constitute an offense that triggers career offender enhancement under § 4B1.1.[19]

In this case, we conclude that the district court erred in sentencing Cheramie as a career offender under § 4B1.1. Although Cheramie's conviction for possession with the intent to distribute cocaine is a triggering offense, Cheramie's two prior convictions for conspiracy to possess marijuana do not constitute prior convictions under § 4B1.1. Bellazerius holds that the Sentencing Commission exceeded its authority in including

---

[17] Id. at 700-01.

[18] Id.

[19] Id. at 701.

11

conspiracy offenses within the ambit of § 4B1.1 and that conspiracy offenses cannot serve as triggering offenses. Section 994(h) defines triggering offenses and prior offenses in precisely the same language, and conspiracy offenses are not included in that definition. Under <u>Bellazerius</u>, conspiracy convictions cannot serve as offenses that trigger § 4B1.1, nor can they serve as prior offenses. Accordingly, we VACATE the defendant's sentence and REMAND for resentencing.