**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30332
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID JEROME FRANK,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(93-CR-20012)

October 2, 1996

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this out-of-time appeal, David Jerome Frank challenges the district court's admission of certain evidence at the trial at which he was convicted of several crimes relating to a drug ring in and around Lake Charles, La. The evidence to which Frank objects is testimony from a co-defendant, Darryl Levan, to the effect that

---

[*] Local Rule 47.5 provides: "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, the Court has determined that this opinion should not be published.

Levan had accompanied Frank on several trips to Texas to purchase cocaine and that Levan had worked for Frank as a drug seller for over two years. Frank contends that the introduction of the evidence violated Federal Rule of Evidence 404(b). He urges us to find that the district court abused its discretion in admitting this evidence and that the error was prejudicial to him. Naturally, the government disagrees.

We review the district court's decision to admit evidence for abuse of discretion. *See*, *e.g.*, *United States v. Cheramie*, 51 F.3d 538, 540 (5th Cir. 1995). Were we to find an abuse of discretion, we would not reverse Frank's conviction unless Frank was prejudiced by the lower court's error. *United States v. Palmer*, 37 F.3d 1080, 1084 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1804 (1995). We find that the district court's decision to admit Levan's testimony was not an abuse of discretion and therefore AFFIRM his conviction.

Rule 404(b) of the Federal Rules of Evidence seeks to prevent the admission of other crimes or bad acts of a criminal defendant, unless they are relevant to considerations other than a defendant's propensity to commit crimes. In *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), we held that the determination of whether admission of extrinsic-offense evidence is admissible under Rule 404(b) can be boiled down to a two-part test. First, the evidence must be relevant to an issue other than the defendant's character. Second,

2

the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

We find that the admission of Levan's testimony satisfies the *Beechum* test.  Among the permissible purposes for this evidence under Rule 404(b) is proof of knowledge or intent by the defendant. We first find that the jury could reasonably find, from Levan's testimony, that Frank actually committed these extrinsic offenses. *See United States v. Ridlehuber*, 11 F.3d 516, 522 (5th Cir. 1993) (to be "relevant," government must establish the "preliminary fact[]" of occurrence of the other acts).  We further find that Levan's testimony was relevant, as that word is defined in Rule 401, in establishing knowledge and intent.  *See United States v. Williams*, 957 F.2d 1238, 1243-45 (5th Cir. 1992) (extrinsic evidence of engaging in similar crimes can be relevant to establishing the defendant's knowledge or intent to commit the crime charged).  *See also Beechum*, 582 F.2d at 911-12 & n.15.  Step one is satisfied.  Step two, compliance with Rule 403, is also satisfied as we find that its probative value is not substantially outweighed by any unfair prejudice.

In light of the foregoing, Frank's conviction is

AFFIRMED.