IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40272
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GLENN EARL SCOTT,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96CR110-1
- - - - - - - - - -

November 16, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Glen Earl Scott appeals from his conviction by jury verdict for two counts of possession with intent to distribute cocaine base. Scott contends that the evidence was insufficient to support his conviction. Because Scott moved for a judgment of acquittal at the close of the Government's evidence and in a postverdict motion, we view all of the evidence and reasonable inferences drawn therefrom in the light most favorable to the Government and affirm the verdict only if a rational trier of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact could have found the essential elements of the crime beyond a reasonable doubt.  United States v. Brown, 29 F.3d 953, 958 (5th Cir. 1994); see also United States v. Cheramie, 51 F.3d 538, 542 (5th Cir. 1995).  The Government must prove three elements in order to sustain a conviction for possession with intent to distribute a controlled substance: (1) the defendant knowingly (2) possessed the controlled substance (3) with the intent to distribute.  United States v. Lopez, 979 F.2d 1024, 1031 (5th Cir. 1992).

Based on the substantial amount of testimonial evidence indicating that Scott had actually dispensed a quantity of crack cocaine to an undercover police officer on one occasion and had possessed a pill bottle filled with approximately 25 rocks of crack cocaine when arrested for public intoxication, a rational jury could have found that Scott had knowingly possessed the cocaine base with intent to distribute on both occasions.

AFFIRMED.