# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-11105
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEX ROMO RIOS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CR-22-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alex Romo Rios appeals his conviction and sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, distribution and possession with intent to distribute 50 grams or more of methamphetamine, and possession with intent to distribute less than 50 kilograms of marijuana. Rios challenges his conviction on the methamphetamine count on the basis that the district court admitted evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in violation of the Confrontation Clause under Crawford v. Washington, 541 U.S. 36 (2004), and the hearsay rule, FED. R. EVID. 802. Specifically, he maintains that the statements of an unavailable confidential informant on a recording of conversations between the confidential informant and Rios during a methamphetamine sale by Rios to the confidential informant, a transcript of that recording, and testimony about the conversations and other conversations between Rios and the confidential informant given by Drug Enforcement Administration Agent Alan Westerman and Lubbock Police Officer Manuel Reyna were improperly admitted. If the challenged evidence were excluded, Rios asserts that there would be insufficient evidence to support his conviction on the methamphetamine count.

The statements of the confidential informant on the recording were part of an integrated and reciprocal conversation with Rios. Officer Reyna testified that he was in the vicinity of Rios and the confidential informant, saw them meet, and listened to the conversation while it was being recorded. This testimony was sufficient indicia of the reliability of the recording and transcript. See United States v. Cheramie, 51 F.3d 538, 541 (5th Cir. 1995). Accordingly, the statements of the confidential informant on the recording and transcript were admitted to provide context to Rios's statements, were not admitted to prove the truth of the matters asserted therein, and did not violate the Confrontation Clause or the hearsay rule. See id.; FED. R. EVID. 801(c). Rios's attempts to distinguish Cheramie are without merit as a cautionary instruction is not necessary to apply the holding in Cheramie and Crawford did not overrule Cheramie. See United States v. Bell, 367 F.3d 452, 465 (5th Cir. 2004) (holding that limiting instruction cannot cure Confrontation Clause violation); United States v. Dixon, 132 F.3d 192, 198 (5th Cir. 1997) (applying Cheramie without presence of limiting instruction); Crawford, 541 U.S. at 68 (refusing to provide a comprehensive definition of what statements are testimonial that could have overruled the holding in Cheramie).

The properly admitted evidence against Rios included the recording of the methamphetamine sale, the methamphetamine itself, testimony that the substance was methamphetamine, and testimony that Rios's fingerprint was on the bag that contained the methamphetamine. Given the overwhelming nature of the other evidence against Rios, any error in admitting the challenged testimony of Agent Westerman and Officer Reyna was harmless. See United States v. Insaulgarat, 378 F.3d 456, 464 (5th Cir. 2004).

Rios argues that the district court erred by applying a four-level enhancement for his being a leader or organizer of a criminal activity involving five or more participants. The district court, however, sentenced Rios to the statutory minimum sentence of life imprisonment without release on the cocaine and methamphetamine counts and the application of the enhancement did not change Rios's sentencing guidelines range on the marijuana count. The record leaves no reasonable doubt that the district court would have imposed the same sentence whether or not the four-level enhancement for Rios's being a leader or organizer had been applied. Accordingly, any possible error caused by the application of the enhancement was harmless. See United States v. Mejia-Huerta, 480 F.3d 713, 720 (5th Cir. 2007), cert. denied, 128 S. Ct. 2954 (2008).

The arguments raised by Rios are without merit. Accordingly, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED.