# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023

Lyle W. Cayce
Clerk

No. 21-51215

United States of America,

*Plaintiff—Appellee*,

*versus*

Lirio Lizzette Valenzuela,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-2402

Before Higginbotham, Jones, and Oldham, *Circuit Judges.*
Patrick E. Higginbotham, *Circuit Judge*:

Lirio Valenzuela appeals her conviction for possession and smuggling of controlled substances. Valenzuela asserts that the trial court abused its discretion in admitting evidence of a prior drug smuggling offense under Rule 404(b) of the Federal Rules of Evidence. We conclude that the district court did not abuse its discretion either in finding that the prior criminal act was relevant to Valenzuela's knowledge in the instant drug trafficking case or in finding that the prejudicial effect of the evidence did not substantially outweigh its probative value. We AFFIRM.

No. 21-51215

## I.

Valenzuela crossed into the United States from Mexico on October 23, 2020, where a Customs and Border Protection ("CBP") canine at the border checkpoint signaled the presence of controlled substances in her vehicle. CBP officers testified that Valenzuela—who was traveling alone—said she had nothing to declare, was unemployed, and was traveling to visit her son in Texas. Upon searching her vehicle, the officers discovered drugs hidden in the spare tire well, behind a quarter panel, in the doors, and under the dashboard. Valenzuela and the government later stipulated that at least 500 grams of methamphetamine mixture and 400 grams of fentanyl mixture were present in her car, and that she was the vehicle's registered owner.

The only factual issue at Valenzuela's trial related to her state of mind regarding the transportation and possession of controlled substances, as the charged crimes required her to act knowingly or intentionally.[1] Valenzuela insisted that she did not know drugs were present in her vehicle when she crossed into the United States. She testified to answering an online advertisement offering to pay individuals to carry money from the United States to Mexico for a currency exchange business. Valenzuela asserted that she met this employer in Ciudad Juarez, where he installed a GPS tracker in her car, and she then drove to Texas. Until federal officials at the border informed her that the car contained controlled substances, Valenzuela testified, she did not know she was carrying anything illegal.

To show that Valenzuela knew the drugs were in her vehicle, the government introduced evidence of her 2003 guilty plea in Texas state court

---

[1] *See, e.g.*, 21 U.S.C. § 960(a)(1) (criminalizing "knowingly or intentionally import[ing] . . . a controlled substance . . . ."); 21 U.S.C. § 841(a)(1) ("[I]t shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . .").

No. 21-51215

for possession of marijuana. In committing that previous crime, the government contended, Valenzuela drove across the U.S.-Mexico border alone in a vehicle she owned, indicated she had nothing to declare, told officers that no one else had control over or modified her vehicle, and was found to have 61 pounds of marijuana in a hidden compartment in her gas tank. The government argued that this evidence showed "motive, opportunity, intent, plan, knowledge, and lack of mistake" given several points of similarity between the incidents, rendering it admissible under Rule 404(b). In both cases, the government asserted, Valenzuela "was the sole occupant/driver of a vehicle," "entered the United States through a port of entry," "was driving a vehicle in which drugs were secreted," "used unsubstantiated claims as to why she was asked to drive the vehicle into the United States," and "claimed she had no knowledge of the drugs found inside the vehicles she was driving."

Valenzuela submitted a motion in limine to exclude this extrinsic evidence as highly prejudicial and inadmissible propensity evidence, which the district court denied. The district court rejected defense counsel's renewed objection at trial, but the court provided a limiting instruction to the jury on the proper use of extrinsic evidence. The jury found Valenzuela guilty on four of the six counts charged—two counts of importing a controlled substance under 21 U.S.C. § 960 and two counts of possession with intent to distribute controlled substances under 21 U.S.C. § 841. Valenzuela timely appealed, contending that the district court abused its discretion in admitting evidence from her 2003 guilty plea.

No. 21-51215

## II.

When a party timely objects to a trial court's evidentiary decision, this court reviews that decision for abuse of discretion.[2] "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."[3] If we find abuse of discretion, we employ a harmless error standard under which "[r]eversal is not required unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction."[4]

## III.

Rule 404(b) provides generally that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[5] Evidence of a defendant's "propensity" to commit a subsequent crime based on previous criminal acts "is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."[6] Evidence of another crime or wrong may nonetheless be admissible for "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[7] In *United States v. Beechum*, this court articulated a two-part test to evaluate the admissibility of evidence under Rule 404(b):

---

[2] *United States v. Hernandez-Guevara*, 162 F.3d 863, 869 (5th Cir. 1998).

[3] *United States v. Kinchen*, 729 F.3d 466, 470–71 (5th Cir. 2013) (citation omitted).

[4] *United States v. Flores*, 640 F.3d 638, 643 (5th Cir. 2011) (citation omitted).

[5] Fed. R. Evid. 404(b)(1).

[6] *Old Chief v. United States*, 519 U.S. 172, 181 (1997) (citation omitted).

[7] Fed. R. Evid. 404(b)(2).

No. 21-51215

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.[8]

The government bears the burden at trial to demonstrate "that a prior conviction is relevant and admissible under 404(b)."[9]

Valenzuela first argues that evidence of her prior crime is irrelevant because it is too dissimilar to the subsequent trafficking crime. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" or it is "of consequence in determining the action."[10] The relevance of extrinsic evidence "is a function of its similarity to the offense charged."[11] The government offered evidence of Valenzuela's previous offense in this case to show that she was not carrying the drugs by mistake, rendering it more probable that she knew the drugs were in the car.

This case is different from the previous crime, Valenzuela argues, because her son facilitated the act by showing her a Facebook advertisement, she proceeded to trial, she possessed a different menagerie of drugs, the drugs were primarily in the trunk instead of the gas tank, she owned the car for a few years, and this time the federal government prosecuted her rather than a state, among other minor distinctions. The government responds that the crimes are similar because they both comprised Valenzuela, as sole occupant of a vehicle, smuggling controlled substances from Ciudad Juarez

---

[8] 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

[9] *United States v. Wallace*, 759 F.3d 486, 494 (5th Cir. 2014).

[10] FED. R. EVID. 401.

[11] *Beechum*, 582 F.2d at 911.

No. 21-51215

to El Paso in hidden compartments and making negative customs declarations at the border.

We agree with the government's position, noting that this court has repeatedly held that previous smuggling activities may be relevant to intent, knowledge, and absence of mistake in subsequent trials for smuggling.[12] We have also said that "[f]or the purposes of determining relevancy, 'a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand.'"[13] "Therefore, similarity, and hence relevancy, is determined by the inquiry or issue to which the extrinsic offense is addressed."[14] Here, the government intends for the extrinsic evidence to show that Valenzuela knew she carried controlled substances in her car, and her proffered differences—such as the location of the drugs or the length of time she owned the car—do not materially detract from the inference that she had experience with the smuggling of controlled substances. We conclude that the district court did not abuse its discretion in concluding that evidence of the defendant's other cross-border smuggling-related crime

---

[12] *See Hernandez-Guevara*, 162 F.3d at 871 (5th Cir. 1998) (holding that evidence of the defendant's prior smuggling of noncitizens is relevant to his intent in a subsequent case of smuggling noncitizens); *United States v. Cheramie*, 51 F.3d 538, 541–42 (5th Cir. 1995) (holding that evidence of the defendant's prior drug smuggling activities was admissible to show knowledge and intent); *United States v. Williams*, 900 F.2d 823, 827 (5th Cir. 1990) (holding that evidence of the defendant's prior interstate mailings of drugs was admissible to show knowledge and intent in the charged mailing).

[13] *Beechum*, 582 F.2d at 911 (quoting Julius Stone, *The Rule of Exclusion of Similar Fact Evidence: England*, 46 Harv. L. Rev. 954, 955 (1933)).

[14] *Id.* We further explained, "the meaning and nature of the 'similarity' requirement in extrinsic offense doctrine are not fixed quantities. Each case must be decided in its own context, with the issue to which the offense is directed firmly in mind." *Id.* at 911 n.15.

between the same two locations was sufficiently similar to be relevant for the purposes of 404(b).

Valenzuela next asserts that the prejudicial effect of the extrinsic evidence far outweighs its probative value, thus failing Rule 403's balancing test and *Beechum*'s second step.[15] We have stated that "[t]he task for the court in its ascertainment of probative value and unfair prejudice under rule 403 calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense."[16] Nonetheless, this evaluation rests "within the sound discretion of the trial judge."[17] And in *Beechum*, as here, the defendant's mental state represented the sole question of fact for the jury, rendering extrinsic evidence particularly helpful.[18]

Valenzuela asserts that the length of time between the first offense and the instant case—seventeen years—is so great that the evidence lacks all probative value. We have never held that the age of a prior conviction triggers a per se bar under Rule 404(b),[19] although the passage of time represents one of the many factors within the trial judge's discretion. Indeed, we have declined to find abuse of discretion where trial courts admitted evidence of a similar age to show a defendant's intent.[20] Valenzuela does not provide this

---

[15] Fed. R. Evid. 403.

[16] *Beechum*, 582 F.2d at 914.

[17] *Id.* at 915.

[18] *Id.* at 915–16. *Beechum* clarifies that "[i]f the defendant's intent is not contested, then the incremental probative value of the extrinsic offense is inconsequential when compared to its prejudice; therefore, in this circumstance the evidence is uniformly excluded." *Id.* at 914.

[19] *See Hernandez-Guevara*, 162 F.3d at 872.

[20] *See United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996) (admitting a 15-year-old conviction for possession with intent to distribute marijuana to show intent in a later drug trafficking trial); *United States v. Chavez*, 119 F.3d 342, 347 (5th Cir. 1997) (per

court any reason to believe that the age of her prior conviction renders it less probative in her case. The passage of time may be less material here, given that the government introduced the extrinsic evidence to show Valenzuela's knowledge of drug smuggling practices, and there is no indication that she would have forgotten the details surrounding her 2003 conviction at the time of her subsequent offense, particularly given that she served time in prison for that activity.

Valenzuela also contends that the government did not need the evidence. It is true that prejudicial evidence may be inadmissible under Rule 403 when the government does not require it to prove an element of the offense.[21] Yet Valenzuela's mental state represented the sole issue in her criminal trial, and there is no indication that the extrinsic evidence was cumulative or bore other hallmarks of highly prejudicial evidence, such as violence or greater severity than the charged offense.[22] Indeed, the government needed the evidence to counter Valenzuela's testimony that she was an unwitting participant in the smuggling activity.[23]

Finally, Valenzuela contends that the government's closing argument encouraged the jury to find her guilty based solely on her previous conviction, rendering the evidence unduly prejudicial. Valenzuela's argument does not address the prejudicial nature of the evidence, but rather alleged misuse at trial. Nonetheless, the government's closing argument offered the extrinsic

---

curiam) (admitting a 15-year-old conviction for possession with intent to distribute cocaine to show intent in a later trial for conspiracy to possess with intent to distribute marijuana).

[21] *United States v. Jackson*, 339 F.3d 349, 356 (5th Cir. 2003) (noting that "other substantial evidence going to the issue of intent" reduced the value of the extrinsic evidence in Rule 403 balancing).

[22] *Hernandez-Guevara*, 162 F.3d at 872.

[23] *See United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980).

evidence not to mislead the jury into convicting her for a previous offense, but to show absence of mistake, which Rule 404(b) specifically allows.[24] The district court also mitigated any misuse by providing a limiting instruction cautioning the jury that Valenzuela was "not on trial for any other act, conduct or offense not alleged in the indictment."

Finding none of Valenzuela's arguments under *Beechum*'s second step compelling either, we hold that the district court did not abuse its discretion in admitting evidence related to her prior drug offense.

****

We AFFIRM.

---

[24] At closing argument, the prosecutor asked, "[w]ould someone who had been through that experience [a smuggling-related conviction] once before go to this job by mistake?"