# United States Court of Appeals for the Fifth Circuit

---

No. 21-51163
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Walter Raul Maguina,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-2607-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Walter Raul Maguina appeals his convictions for conspiracy to transport aliens and transportation of aliens. He argues that the district court abused its discretion by admitting evidence of his 2018 conviction for transportation of aliens. He also asserts that a limited remand is required because the district court did not properly articulate its findings on the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-51163

applicable balancing test for the admission of such evidence. We disagree and AFFIRM.

*       *       *

Under the Federal Rules of Evidence, extrinsic evidence of other crimes, wrongs, or acts is inadmissible as proof of character but may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2); *see* FED. R. EVID. 404(b)(1); *United States v. Cockrell*, 587 F.3d 674, 678 (5th Cir. 2009). We determine whether evidence was properly admitted under Rule 404(b) by applying the two-prong test provided in *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc). *See United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017). Under prong one, the extrinsic evidence of a past offense must be "relevant to an issue other than the defendant's character." *Beechum*, 582 F.2d at 911. Under prong two, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Federal Rule of Evidence] 403." *Id.* Where, as here, a defendant timely objects to a district court's ruling to admit evidence under Rule 404(b), we review for abuse of discretion. *See United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989).

Maguina does not challenge the relevance of the evidence of his prior conviction. We thus turn to the second prong of the *Beechum* test, which requires us to assess several factors, including: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *Juarez*, 866 F.3d at 627 (internal quotation marks and citation omitted). Because we must make a "commonsense assessment of all the circumstances surrounding the extrinsic offense," no

2

one factor is dispositive. *Beechum*, 582 F.2d at 914. Additionally, the overall prejudicial effect of the extrinsic evidence is considered. *See Juarez*, 866 F.3d at 629–30. We look to whether the prior conviction was "of a heinous nature," and whether the evidence of such conviction was "likely to incite the jury to an irrational decision," "cumulative," or "tend[ed] to confuse the issues, mislead the jury or cause undue delay." *United States v. McMahon*, 592 F.2d 871, 876 (5th Cir. 1979); *see also* Fed. R. Evid. 403.

Maguina is unable to establish that evidence of his 2018 conviction for transportation of aliens was inadmissible under prong two of the *Beechum* test.  First, the Government had a need for extrinsic evidence to prove intent, knowledge, motive, and absence of mistake because Maguina asserted lack of knowledge in his defense, claiming he was a taxi driver merely helping a member of the clergy who worked with refugees. Second, the 2018 case was similar to this case, and the dissimilar facts that Maguina points to are directly connected to Maguina's involvement in alien smuggling in 2018 and therefore "significant . . . [to] the purpose of the inquiry at hand." *United States v. Valenzuela*, 57 F.4th 518, 522 (5th Cir. 2023) (holding no abuse of discretion to admit Rule 404(b) evidence in trial for drug smuggling, even where there were some different aspects in prior drug smuggling conviction). Third, Maguina concedes that the amount of time separating the offenses does not weigh in favor of a finding of undue prejudice. Finally, the limiting instructions given by the court were sufficient as we have held that even less extensive limiting instructions are sufficient to mitigate a jury's improper use of Rule 404(b) evidence. *See Valenzuela*, 57 F.4th at 523. Moreover, there are no aspects of the evidence, nor the presentation of it, that could have misled or incited the jury. *See McMahon*, 592 F.2d at 876. Therefore, the risk of unfair prejudice did not substantially outweigh the probative value of the

evidence of the 2018 conviction. The district court did not abuse its discretion in admitting such evidence. *See Beechum*, 582 F.2d at 911.

Finally, Maguina says this case must be remanded because the district court failed to address the prejudicial nature of the extrinsic evidence. In assessing this argument, we must confirm that the district court "engage[d] in the proper *Beechum* analysis and that this analysis is sufficiently apparent for purposes of appellate review." *United States v. Osum*, 943 F.2d 1394, 1401 (5th Cir. 1991). The district court "must articulate on the record its findings as to the *Beechum* probative value/prejudice evaluation" when formally requested by a party. *Id.* A mere objection to the admission of Rule 404(b) evidence—even with an argument addressing the prejudice prong—does not rise to the level of a formal request. *Id.* at 1402–03. If the district court fails to respond to this request and make the proper record, we must order a limited remand for the district court to properly and explicitly engage in the *Beechum* probative value/prejudice evaluation. *Id.* at 1402. However, this remand requirement does not apply if "the factors upon which the probative value/prejudice evaluation were [sic] made are readily apparent from the record, and there is no substantial uncertainty about the correctness of the ruling." *United States v. Robinson*, 700 F.2d 205, 213 (5th Cir. 1983).

Here, Maguina's invocations and objections concerning the prejudice prong were not formal requests for a *Beechum* finding. *See Osum*, 943 F.2d at 1402–03. Moreover, "there is no substantial uncertainty about the correctness of the ruling." *Robinson*, 700 F.2d at 213. The district court was presented with the parties' arguments on this issue, the court understood the requirements of Rule 404(b), and the "factors contributing to the probative value/prejudice determination are . . . evident from the record." *Osum*, 943 F.2d at 1403. Accordingly, no remand is required.

AFFIRMED